**IN THE COURT OF APPEALS OF IOWA**

No. 20-0727
Filed July 1, 2020

**IN THE INTEREST OF R.H.,**
**Minor Child,**

**D.H., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Douglas L. Roehrich, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Marchelle Denker of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

The father appeals from the termination of his parental rights to his child, R.H., born in August 2015. We affirm.

The Iowa Department of Human Services first took notice of R.H. in March 2016 after it was reported the father was selling methamphetamine in the family home.[1] The father continued to struggle with drug use and engage in criminal activities. And, in January 2018, he pled guilty to conspiracy to distribute methamphetamine. A federal district court sentenced the father to ninety months in prison. Since then, he has been incarcerated in a federal prison in Arkansas.

The father was not present at the termination hearing nor did he participate by telephone. The juvenile court ultimately terminated the father's parental rights to R.H. under Iowa Code section 232.116(1)(b), (d), (e), (i), and (*l*) (2020).[2]

On appeal, the father argues termination is not in R.H.'s best interest. The entirety of his argument is as follows:

> In this case, [R.H.] was in the care, custody and control of her maternal aunt and uncle. It was unnecessary to terminate father's parental rights. There would be no harm in allowing father additional time to complete his sentence with the Bureau of Prisons and to eventually reunify with [R.H.].

To the extent the father is making a best-interest claim under Iowa Code section 232.116(2) or a relative-care preclusion claim under Iowa Code section 232.116(3)(a), we find error was not preserved. At the termination hearing, the father's counsel only advocated for additional time or, alternatively, the

---

[1] Two of R.H.'s siblings were part of these proceedings. But this appeal only involves R.H.

[2] The mother's rights were also terminated, but she did not appeal.

establishment of a guardianship.  So any other claims are not preserved.  *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases.").  Nevertheless, we do address the additional-time claim.

Our review is de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  The juvenile court may defer termination and grant an additional six-month period for the parent to work toward reunification if the court finds "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  In his petition, the father concedes his release date is January 1, 2024.  Even if he was released early, he is still looking at late 2022 or early 2023 before he could begin working toward reunification with R.H.  That is well-beyond the additional six-month period.  *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the child[]'s future any more than is demanded by statute.").  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *P.L.*, 778 N.W.2d at 41.  We conclude additional time under Iowa Code section 232.104(2)(b) is not appropriate.

**AFFIRMED.**